**Ben McENTEER, Secretary of Banking, Commonwealth of Pennsylvania**

v.

**Robert L. CLARKE, Comptroller of the Currency of the United States of America; Bank of New Jersey, N.A., a national banking association; and Horizon Bancorp, a bank holding company.**

Civ. A. No. 86–3631.

United States District Court, E.D. Pennsylvania.

Sept. 25, 1986.

Michael L. Harvey, Office of the Atty. Gen., Harrisburg, Pa., for plaintiff.

Joan K. Garner, Asst. U.S. Atty., Philadelphia, Pa., Elizabeth Pugh, U.S. Dept. of Justice, Civ. Div., Federal Programs, Washington, D.C., for defendant Robert L.

Clarke, Comptroller of the Currency of the U.S.

J. Dennis Faucher, Scott D. Patterson, Philadelphia, Pa., for defendant Horizon Bank of Pennsylvania, N.A. F/K/A Bank of New Jersey, Horizon Bancorp.

## MEMORANDUM AND JUDGMENT

KATZ, District Judge.

In this case of first impression, I uphold a decision of the Comptroller of the Currency of the United States of America allowing the relocation across state lines of the main office of a national bank. 5 U.S.C.A. § 702 *et seq.* (West 1972).[1] A Pennsylvania statute to the contrary, 7 Pa.Stat.Ann. § 115 (Purdon Supp.1986), cannot stand.

On May 13, 1986, the Comptroller granted the request of the Bank of New Jersey, a national bank, which is a subsidiary of Horizon Bancorp, a New Jersey bank holding company, to relocate the national bank's main office from Moorestown, New Jersey to Philadelphia, Pennsylvania. The bank moved for legitimate business reasons to be active in the Philadelphia market.

Plaintiff Ben McEnteer, Secretary of the Pennsylvania Department of Banking, has sued to invalidate the Comptroller's decision and to enjoin the move.

This Court has jurisdiction of the subject matter of this action to review the final decision of the Comptroller under the Administrative Procedure Act. This action also arises under the National Bank Act, 12 U.S.C.A. § 21 *et seq.* (West 1980 & Supp. 1986). Venue in this district is proper under 28 U.S.C.A. § 1391(b) and (e) (West 1976 & Supp.1986).

Plaintiff is responsible for the administration of the Pennsylvania Banking Code. Pa.Stat.Ann.tit. 7, §§ 101–2204 (Purdon 1967 & Supp.1986). Plaintiff is specifically authorized to enforce Section 115 of the Pennsylvania Banking Code. *See id.* at § 115(c). As the state official responsible for effectuating state banking policy, plaintiff has standing to litigate this case.

Defendant Robert L. Clarke is the Comptroller of the Currency of the United States of America. The Comptroller is responsible for the supervision and regulation of the operation of national banks chartered under the National Bank Act.[2] The Bank of New Jersey, N.A. ("the New Jersey Bank") is a banking association duly incorporated under the laws of the United States and authorized to engage in the business of banking under the National Bank Act.

On May 6, 1985, the New Jersey bank made application to the Comptroller to relocate its main and only office from 312 West Route 38, Moorestown, New Jersey to 226 Rittenhouse Square, Philadelphia, Pennsylvania, a distance of approximately 11½ miles.[3]

On June 5, 1985, the Pennsylvania Department of Banking filed a timely comment letter with the Comptroller of the Currency in opposition to Bank of New Jersey's relocation. The Department stated in its letter that: (a) 12 U.S.C.A. § 30 does not permit interstate relocation of a main office; (b) the Commissioner's approval of the relocation would violate § 1842(d) of the Bank Holding Company Act. 12

---

1. I am reviewing final agency action under the Administrative Procedure Act.

2. There is nothing in this record to indicate a serious risk to the financial safety, soundness or stability of a bank holding company subsidiary bank, that would involve the Federal Reserve Board's authority. *See* Section 5(e)(1) of the Bank Holding Company Act of 1956, 12 U.S.C. § 1844(e)(1). This case involves the main office relocation of a national bank, not a holding company which would involve the Board. 12 U.S.C. § 1844.

3. The Bank of New Jersey has recently changed its name to Horizon Bank of Pennsylvania, N.A. on May 30, 1986. The main and only office of the New Jersey bank is currently located at 226 Rittenhouse Square, Philadelphia, Pennsylvania. Horizon Bancorp is a bank holding company incorporated under the laws of the New Jersey. The operations of Horizon Bancorp's banking subsidiaries are principally conducted in New Jersey. The main office of Horizon Bancorp is located at 334 Madison Avenue, Morristown, New Jersey.

U.S.C.A. § 1842(d) (the "Douglas Amendment"); and (c) approval would violate section 115 of the Pennsylvania Banking Code, Pa.Stat.Ann.tit. 7, § 115 (Purdon Supp. 1986).

By decision dated May 13, 1986, signed by Judith A. Walter, Senior Deputy Comptroller for National Operations, the Comptroller granted the application of the New Jersey bank to relocate its sole banking office from Moorestown, New Jersey to Philadelphia, Pennsylvania. The Comptroller ruled that 12 U.S.C.A. § 30(b), rather than state law, controlled in this matter and that this statute allowed the interstate relocation of a main office, based on a reading of that statute as amended in 1959 and in 1982 and 1983. Decision of the Comptroller of the Currency on the Application of the Bank of New Jersey, National Association, Moorestown, New Jersey, to Relocate Its Main Office to Philadelphia, Pennsylvania, at 6–9. The Comptroller ruled that section 1842(d) of the Bank Holding Company Act (12 U.S.C.A. § 1842(d)) was inapplicable to the facts of this case. Decision of the Comptroller, at 6–9. In addition, the Comptroller ruled that even if state law, rather than federal law, applied to this case, the Pennsylvania statute at issue probably violated the Commerce Clause and thus would not withstand constitutional scrutiny. Decision of the Comptroller, at 10–14. The New Jersey bank, in light of the Comptroller's decision, opened its office in Philadelphia, Pennsylvania on May 23, 1986.

Plaintiff contends that the decision of the Comptroller is unlawful for the same reasons raised in its letter of opposition to the Comptroller. Plaintiff, in this proceeding, moved for a preliminary injunction to enjoin the New Jersey bank from conducting business in Philadelphia, Pennsylvania, to enjoin Horizon Bancorp from owning or controlling any bank in Pennsylvania, and to enjoin the Comptroller from taking any action to implement or enforce the decision approving the relocation. I denied the motion for a preliminary injunction, following a hearing, in my Order and Memorandum of June 27, 1986.

Section 30(b) of the National Bank Act provides in part as follows:

> Any national banking association, upon written notice to the Comptroller of the Currency may change the location of the main office ... with a vote of the shareholders owning two-thirds of the stock of such association ... and upon receipt of a certificate of approval from the Comptroller of the Currency, to any ... location within or outside the limits of the city, town, or village in which it is located, but not more than 30 miles beyond such limits.

12 U.S.C.A. § 30(b) (West Supp.1986).

Since the bank has obtained the required shareholder approval, this statute permits the Comptroller of the Currency to approve the New Jersey bank's relocation of its main office from Moorestown, New Jersey to Philadelphia, Pennsylvania, a distance of about 11½ miles. Decision of the Comptroller, at 3.

Section 30(b) was amended in 1959 to delete the requirement that such a move be "within the same state." Act of September 8, 1959, Pub.L.No. 86–230, § 3, 73 Stat. 457. *See* Act of May 1, 1886, ch. 73, § 2, 24 Stat. 18. The statute was also amended in 1982 and 1983, but the interstate restriction was not re-inserted. *See* Garn-St. Germain Depository Institutions Act of 1982, Pub.L.No. 97–320, § 405(a), 96 Stat. 1512 (October 15, 1982); Act of January 12, 1983, Pub.L. No. 97–457, § 19(a), 96 Stat. 2509.

■ The plain language of the statute allows national banks to relocate "to any other location" within 30 miles of the limits of the city, town, or village within which it is currently located. The proposed relocation complies with that requirement, and I will apply the plain language of the statute. There is no ambiguity in the statute. *See Richards v. United States,* 361 U.S. 1, 9 (1962); *Caminetti v. United States,* 242 U.S. 470, 480, 37 S.Ct. 192, 193, 61 L.Ed. 442 (1917). *Cf. Board of Governors of the Federal Reserve System v. Dimension Financial Corp.,* —— U.S. —— 106 S.Ct. 681,

688, 88 L.Ed.2d 691 (1986). Under Section 30(b), the Comptroller has explicit authority to approve the Bank's main office relocation.

Plaintiff's second contention is that the Comptroller is not authorized to approve a relocation across state lines because such a relocation violates the Douglas Amendment to the Bank Holding Company Act. 12 U.S.C.A. § 1842(d). The Douglas Amendment provides as follows:

> Notwithstanding any other provision of this section, no application (except an application filed as a result of a transaction authorized under section 1823(f) of this title) shall be approved under this section which will permit any bank holding company or any subsidiary thereof to *acquire*, directly or indirectly, any voting shares of, interest in, or all or substantially all of the assets of any additional bank located outside of the State in which the operations of such bank holding company's banking subsidiaries were principally conducted on July 1, 1966, or the date on which such company became a bank holding company, whichever is later, unless the *acquisition* of such shares or assets of a State bank by an out of State bank holding company is specifically authorized by the statute laws of the State in which such bank is located, by language to that effect and not merely by implication. For purposes of this section, the State in which the operations of a bank holding company's subsidiaries are principally conducted is that State in which total deposits of all such banking subsidiaries are largest.

12 U.S.C.A. 1842(d) (West Supp.1986) (emphasis added).

■ On this record plaintiffs have not shown that the transaction in question is an "acquisition" for purposes of the Douglas Amendment.[4] 12 U.S.C.A. § 1842(d). *See Northeast Bancorp v. Board of Governors of Federal Reserve System*, 472 U.S. 159,

105 S.Ct. 2545, 2548, 86 L.Ed.2d 112 (1985) and Transcript of Preliminary Injunction Hearing, June 26, 1986, at 27. The Douglas Amendment does not reach the relocation of the main office of a banking corporation, which is the subsidiary of a bank holding company. The law in this circuit is that 12 U.S.C.A. § 30(b) "controls with respect to any application for a national bank's main office relocation free of impact of state banking laws or policy...." *Ramapo Bank v. Camp*, 425 F.2d 333, 344 (3rd Cir.1970), *cert. denied*, 400 U.S. 828, 91 S.Ct. 57, 27 L.Ed.2d 58 (1970). *But see Marion National Bank v. Van Buren Bank*, 418 F.2d 121 (7th Cir.1969).

Plaintiff's third contention is that the Comptroller's action violated section 115 of the Pennsylvania Banking Code, 7 Pa.Stat. Ann. § 115. Section 115(b)(i), provides that "No bank holding company other than a Pennsylvania bank holding company may control an institution." *Id.* at § 115(b)(i). Section 115(a)(i) defines a "bank holding company" as "a company, as defined by the Federal Bank Holding Company Act ..., which is or becomes a bank holding company within the provisions of the Federal act including, without limitation, its provisions determining what constitutes control." *Id.* at § 115(a)(i). Horizon Bancorp is a "bank holding company" under this statute. Section 115(a)(ii) defines an "institution" as "a national bank whose principal place of business is located in Pennsylvania or a bank or bank and trust company." *Id.* at § 115(a)(ii). The New Jersey bank is an "institution" under that paragraph. Section 115(a)(iii) defines a "Pennsylvania bank holding company" as one "whose banking subsidiaries' operations are principally conducted in this State as determined by ... total deposits ..." *Id.* at § 115(a)(iii). Horizon Bancorp is not a Pennsylvania bank holding company under this statute.

---

**4.** I find nothing in this record to suggest that the relocation materially alters the conditions of the Federal Reserve Board's 1983 approval of Horizon's acquisition of the Bank of New Jersey. Nor does the record show any continuing jurisdiction by the Board over this relocation approved by the Comptroller. Nor is there any evidence of fraud in obtaining the Board's approval of the 1983 application.

Section 115 purports to make unlawful the relocation of the New Jersey bank. Defendants contend, however, that the Pennsylvania statute violates the commerce clause of the United States Constitution. U.S. Const. art. 1, § 8, cl. 3 (West 1968). The commerce clause "prohibits a state from using its regulatory power to protect its own citizens from outside competition." *Lewis v. BT Investment Managers, Inc.*, 447 U.S. 27, 44, 100 S.Ct. 2009, 2019, 64 L.Ed.2d 702 (1980). The practical effect of the Pennsylvania statute is not necessitated by legitimate local concerns which outweigh the values protected by the commerce clause. *Edgar v. Mite*, 457 U.S. 624, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982). Plaintiff has shown nothing but an effort to protect local banks from competition. *See* Decision of the Comptroller, at 10–14. State action here is not authorized by Congress. *See Northeast Bancorp. Inc. v. Board of Governors*, 472 U.S. 159, 105 S.Ct. 2545, 2553–2554, 86 L.Ed.2d 112 (1985). In fact, Plaintiff has conceded the following: "Absent Congressional authorization, it is clear that prohibitions on the acquisition or control of local banks by out-of-state holding companies would be barred by the Commerce Clause." Brief in Support of Motion for Preliminary Injunction, at 8.

To the extent that, as here, Section 115 conflicts with Section 30 of the National Bank Act, it is preempted by that federal law. The Secretary of Banking's construction of Section 115 in this case violates the commerce clause. The Comptroller's decision to allow the move was not arbitrary, capricious, contrary to law, an abuse of discretion or unsupported by substantial evidence. *Ramapo Bank v. Camp*, 425 F.2d at 344. Therefore it controls.[5]

## JUDGMENT

AND NOW, this 25th day of September, 1986, after a hearing in this matter, Plaintiff's Motion for Summary Judgment is DENIED. The Motion of defendants Horizon Bank of Pennsylvania, N.A. and Horizon Bancorp For Summary Judgment is GRANTED and the Federal Defendant's Motion to Dismiss or in the Alternative its Motion for Summary Judgment is GRANTED as more fully specified in the accompanying Memorandum, and JUDGMENT is hereby entered in favor of defendants and against plaintiff.

---

5. This action is not moot. The Department of Banking has neither considered nor approved the relocation nor has any application for such approval been submitted under the interstate banking legislation signed by Pennsylvania's governor on June 25, 1986. See S. 1075, Session of 1985, Printer's No. 2217 (1986) (amending Pa.Stat.Ann.tit. 7, § 115). The bank rests on its legal position taken in the record of this case. Thus, a real controversy exists, and I have decided it.